## MORRELL a. KIMBALL.

*Supreme Court, Brooklyn Special Term ; March,* 1857.

ACTION AGAINST NON-RESIDENT.—SHERIFF'S CERTIFICATE.

Whether personal service of a copy of the summons and complaint out of this State (under Code, § 135), confers on the court any jurisdiction whatever, in any case,—*Query ?*

The official certificate of the sheriff of another State is not evidence in this State of the service of papers ; his affidavit should be presented.*

Motion for judgment upon failure to answer.

BIRDSEYE, J.—This action is brought to foreclose a mortgage executed by defendants, which has been assigned to the plaintiff. The defendants are not residents of this State, but reside at Dayton, in the State of Ohio. Upon the 19th of February last, upon an affidavit of that fact, an order was made for the service of the summons, by the publication thereof in two newspapers, which were designated, and by the deposit of copies thereof in the post-office, directed to defendants, the postages thereon being prepaid. No publication of the summons has been made, nor any copies of the summons and complaint been transmitted through the post-office.

But the plaintiff now applies for judgment upon an attempted service of the papers on the defendants, out of this State, and at Dayton, Ohio.

It is not now necessary to inquire in what manner this court can so far obtain the jurisdiction of persons residing out of this State, as to warrant the application, by judicial proceedings, of their property within this State to the payment of debts owing

* See also Thurston a. King, 1 *Ante,* 126.

Morrell *a.* Kimball.

by them here; or whether the provision of section 135 of the Code, declaring that when a publication is ordered, personal service of the summons and complaint out of the State is equivalent to publication and deposit in the post-office, is a valid exercise of legislative power ; or whether such a service is good, to confer on this court any jurisdiction whatever. ' For however that may be, the defects in the papers are such that the judgment applied for cannot be granted. It is clearly the duty of the court to see that all the requirements of the statute, and of the rules and practice of the court, are strictly complied with, in case of proceedings against persons not residing within our jurisdiction. All such proceedings are in derogation of their right to have the contracts they have entered into enforced where they themselves are, before tribunals which will have jurisdiction of their persons, and which will be capable of rendering a final judgment upon the controversy after hearing their defence.

It appears here that only a copy of the *summons* was served on the defendants ; not of the *summons and complaint*, as is required by the statute. The proof on that subject is by a *certificate*, attached to a copy of the summons, and signed by a person styling himself sheriff of Montgomery county, in the State of Ohio. The certificate states that this person (Mr. D. K. Boyer), on February 24, 1854, at Dayton, in the State of Ohio, served on the defendants a copy of the summons, which is annexed to the certificate, and of the amended complaint in this action (which, however, is not annexed, or in any other manner referred to), by delivering the same to or leaving them with the defendants. Annexed to this certificate is a certificate by the secretary of state of the State of Ohio, that David K. Boyer was duly elected and commissioned as such sheriff; and that full faith and credit are due to his acts as such. But there is no verification of his signature.

Now, although this court will take judicial notice of the signatures of sheriffs and other ministerial officers known to the laws of this State and within its limits, I know of no principle warranting the extension of that judicial notice to the pretended signature of every ministerial officer throughout the thirty-one States of the Union. We act upon the official certificates of our own sheriffs, for we know they must be sworn officers, performing their duties under the sanction of an official oath. There is

no evidence that the officers of other States do the same. This certificate is, then, the mere unsworn statement of Mr. Boyer. He is, within the language of Rule 84, a *person other than the sheriff*; for that rule can refer only to the officer known to our law as the sheriff, and whose official duties are prescribed by the laws of this State. To make this attempted proof, then, suffi cient for any purpose, it should have been in the form of an affidavit, duly signed by the person who made the alleged service, and duly verified before some officer authorized by the laws of this State to administer the oath, and whose signature would verify that of the deponent; and the affidavit must be such as is required by Rule 84 : that is, it must state that the deponent knew the person served to be the person mentioned and described in the summons as defendant therein.

The judgment applied for is refused.